Good morning, your honors, and may it please the court, Patricia Young, representing appellant Andres Gonzalez. I will try to reserve two minutes of time for rebuttal. At the age of 16, Mr. Gonzalez was accused of shooting a bullet into a van with six passengers. The bullet did not hit anybody and was never recovered. In fact, there was no physical evidence connecting Mr. Gonzalez to this crime. He was convicted on the basis of eyewitness testimony alone. He is now serving 32 years in prison for a crime he did not commit, but the jury never heard that he didn't commit this crime because trial counsel did not present any defense witnesses, despite the fact that she was aware that eyewitness Dagoberto Cardona would have identified another person as the shooter. Trial counsel was ineffective in failing to present Mr. Cardona, and the State court decision denying Mr. Gonzalez relief satisfies Section 2254d of AEDPA. Therefore, this court can review his claim de novo. I'd like to make four points today, focusing primarily on AEDPA and the prejudice prong of the Strickland test. Okay. Explain to me why we review the State court decision de novo. Under AEDPA, if the State court decision satisfies Section 2254d1 or d2, that is to say if the State court decision was either contrary to clearly established Federal law, an unreasonable application of clearly established Federal law, or based on an unreasonable determination of the facts, then Section 2254d would have been met and the Federal court reviews the claim de novo. Now, first of all, Which of those do you say applies here? All of them, Your Honor. Explain it. Explain why we review it de novo, why those exceptions apply. So focusing again primarily on prejudice, under Section 2254d2, the State court decision was an unreasonable, was based on an unreasonable determination of the facts, because the State court found that there was no prejudice based on the fact that there was overwhelming evidence of guilt. And as this court explained in Hall v. Director of Corrections, when a State court determines there is overwhelming evidence of guilt, that is a finding of fact. And when that determination is not supported by the State court record, that is an unreasonable finding of fact. And in this case, there simply was not overwhelming evidence of guilt. First, there was no physical evidence. There's no gun, no bullet, no gunpowder residue, no fingerprints. Second, the eyewitness testimony was inconsistent and impeached. Now, five of the victims from that ban testified at trial. Of those five, two did not identify Mr. Gonzales in court as the shooter and testified that they never saw a gun. That leaves only three witnesses who did identify Mr. Gonzales in court as the shooter. But those three witnesses' testimony was inconsistent and impeached. First, there's Andrea Topete, who said she never saw a gun. How did she identify the shooter without seeing a gun? She also admitted that she was drunk that night. She had ten shots of tequila and a margarita shortly before this incident. Then there's Stephanie DiPello, who also identified Mr. Gonzales in court, but she was impeached with her preliminary hearing testimony only three months earlier in which she stated that she did not recognize anybody in the courtroom as being involved in the incident, which leaves only Javier Martinez, who was 13 or 14 years old at the time of the incident, identifying Mr. Gonzales as the shooter. Now, it's interesting to note in this case the entire trial lasted approximately eight hours, and that includes the hour and a half it took the jury to be instructed. Yet the jury deliberated for more than seven hours. The jury deliberated for almost as long as the trial itself. And as this Court recognized in Thomas v. Chappelle and Merrill Leo v. Yates, this is an indication that the jury was clearly struggling to reach a verdict. The jury also requested three readbacks of testimony, which, again, is another indication that the jury was clearly struggling to reach the verdict. Now, the state court, the superior court, had all this evidence before it and found there was overwhelming evidence of guilt. That is unreasonable. Second, the state court's finding of prejudice was based on an unreasonable application of Strickland because, as the Supreme Court explained in Porter v. McCollum and this Court explained in Riley v. Payne, a state court unreasonably applies Strickland when it unreasonably discounts post-conviction evidence. And here there was a declaration submitted along with the state habeas petition by Dag Roberto Cardona, which states he witnessed the shooting, that Mr. Gonzalez was not the shooter, and that he can identify somebody he knew as the shooter. So let's talk about Cardona. Wasn't he – I mean, couldn't he be considered not a disinterested witness? Wasn't he found with your client hiding after the shooting? There was testimony that Mr. Cardona was found with my client. However, he was not identified as being involved in the incident. He was not arrested pursuant to this incident. And that is a question that the jury could have taken into consideration, certainly. He would have been cross-examined on that point. That is correct. And the jury certainly could have taken that information into consideration. But that fact alone is not enough to find that his testimony would not have made a difference. Okay. So the district court found that it was an unreasonable and not a strategic decision by the trial attorney, so therefore she was deficient but found that there was no prejudice. Correct. All right. And so do you want to just address the district court's finding of no prejudice? Sure. The district court made a factual finding that there was no prejudice in this case because the district court found that trial counsel did not make a strategic decision in failing to present Mr. Cardona as a witness. Now, a finding of whether a decision is strategic is a factual finding. And here, based on the State court record, there simply were no facts supporting a strategic decision. First, Mr. Cardona's declaration stated that he witnessed the shooting, that Mr. Gonzalez was not the shooter, that he spoke with trial counsel and told her this information and was willing to testify at trial. Now, trial counsel, in fact, stated to the judge and jury that Mr. Cardona was a potential witness. And we also have the declaration of Mr. Gonzalez's state habeas attorney saying that she exchanged letters with trial counsel trying to understand what happened at trial. Well, I think the worst evidence on that point is the fact that she had a subpoena for him, for Cardona, in her file. Exactly. And didn't use it. That's, like, the most critical evidence. That is, in fact. She had the subpoena in her file that she prepared and dated, I believe, the day jury selection started and never handed it to Mr. Cardona. When did Cardona come forth with his declaration? His state trial declaration or his Federal declaration? Well, habeas declaration. The habeas declaration was 2002. Now, so the district court found there was no strategic decision in this case. And because the state court record did not have any facts supporting a strategic decision, the district court also correctly found that the state court made an unreasonable determination of the facts and finding otherwise. Now, I see that I have about two minutes left that I'd like to reserve unless there are any questions. I do have a question, so I hope Judge Wardlaw can give you an extra minute on your rebuttal because I'm going to use a minute of your time now. Here's my question. It seems like there's a pretty good case that the lawyer is deficient by not calling Mr. Cardona, but also under Strickland you've got to show prejudice. As I understand it, the state appellate court said there was no prejudice. If that's true, why don't we have to review that as to whether it's objectively unreasonable in applying Strickland? First of all, Your Honor. Is there like a double deference on that? That's correct, Your Honor. Actually, it was the Los Angeles County Superior Court who found no prejudice, and you are correct that Section 2254D also must be met with respect to that finding, which is why the LA Superior Court found it, but that was the last reasoned decision. Exactly. So when we look at the state appeals court, we go back to that. That's exactly right, Your Honor. And so that's what I was saying, that EDPA, Section 2254D1 and D2 have been met with respect to the prejudice prong as well. And as I've stated, it was unreasonable determination of the facts under 2254D2 to find prejudice based on this overwhelming evidence of guilt. It was an unreasonable application of Strickland to unreasonably discount Mr. Cardona's post-conviction declaration. And finally, the Superior Court was also contrary to Strickland because it did not actually apply the reasonable probability standard. The district court, or I'm sorry, the state court, in fact, found that there would be no different result if another trial was granted. That's not the standard under Strickland. The standard is whether there's a reasonable probability of a different result, and that's a slightly lower burden of proof. So the state court was contrary to Strickland in not applying the reasonable probability standard. Now, if there are no further questions. Okay. Thank you. Thank you. Thank you. Good morning, Your Honors. Deputy Attorney General Stephanie Niersch, on behalf of Respondent. May it please the Court. The state court in this case did not contradict or unreasonably apply Strickland in rejecting Petitioner's claim that his attorney was ineffective for failing to call his best friend as a witness, and therefore, the district court properly denied habeas corpus relief in this case. As the state court reasonably found, Petitioner's claim fails. One reason Petitioner's claim fails is that he did not establish any prejudice. Does the record show that Cordona is the best friend of Gonzalez? The record shows that Mr. Cordona was Petitioner's friend, that he was found hiding under a car along with Petitioner and Michael Valencia, who was identified by the eyewitnesses in this case as a shooter, and he was hiding under a car near the scene of the crime. I know that they were found together like that. I just didn't know where the best friend, as opposed to a friend, came from. I believe his declaration at the very least indicates, the declaration that is that was before the Superior Court, indicates that he was Petitioner's friend in this particular case. As the state court here found, the evidence against Mr. Petitioner was overwhelming in that six of the eyewitnesses, which was all of the eyewitnesses in this case, identified Petitioner as a shooter at the field show-up. At least three of those witnesses were said to be adamant that Petitioner was, in fact, the shooter. At trial, three of the testifying eyewitnesses testified that or identified Petitioner as a shooter as well. Mr. Cardona's testimony did present certain issues for the defense because he was the friend of Petitioner and because he was found hiding under a vehicle, along with Petitioner and Mr. Valencia. Contrary to what Petitioner contends, the state court here did not apply an erroneous standard in rejecting the claim under Strickland. In regards to the prejudice prong, the Court did not state that it was applying some lower standard. I mean, here the Court specifically and explicitly states that it's read the pleadings of both parties. Both parties discussed the Strickland standard, including the prejudice prong. They discuss what Strickland says about the prejudice prong. And, indeed, the prosecutor's brief actually starts out by discussing the prejudice prong of Strickland. And what the Court basically determines is that because the evidence here is so strong in regards to the eyewitness identifications, that even if Mr. Cardona had testified consistent with his declaration, the outcome of the trial would not have changed. So here what we can see is that the state court did not contradict or unreasonably apply Strickland in rejecting the claim under the prejudice prong, nor was there an unreasonable determination of the facts because, as I've said, the evidence here against Petitioner was particularly overwhelming. In regards briefly to the deficient performance prong, we would submit that the state court also reasonably determined that prong, despite the district court's finding to the contrary. What the state court had before it was basically information that the attorney in this case did, in fact, talk to Mr. Cardona, that the substance of the conversation was not known, that the attorney would not respond to inquiries regarding why she failed to call Mr. Cardona as a witness. But I think the fact that she did discuss or at least attempt to talk to Mr. Cardona is not the typical situation that we see where perhaps the attorney does not call a witness but does not interview that witness either, and thus the question becomes did the attorney do a reasonable investigation and make a tactical decision. And here we have a situation in which the attorney did talk to the witness or at least attempt to talk to the witness, and it's unknown what the witness may have said to her. So I think in that particular regard, the state court could reasonably conclude that Petitioner had not overcome the presumption that counsel acted competently in this case. Counsel, if I could interpose a question. Sure. Do we, through the application of Strickland, de novo, as I think was argued by the appellant, or do we give deference under AEBPA? This Court must give deference under the AEBPA. Here the state court properly applied the Strickland standard. There's nothing to show to the contrary. And under the Supreme Court case Richter v. Harrington, in order for Petitioner to prevail, he must establish that there is no possibility that fair-minded jurors would find that the state court contradicted or unreasonably applied Strickland. And certainly here, given the evidence in the case, at the very least, it's fair to say that the state court reasonably applied the prejudice prong of the Strickland standard. So the state court actually said there would be no different result if another trial was granted. Is that the Strickland prejudice standard? Well, the Strickland prejudice standard is that there's no reasonable probability of a different result. The Court is not required to actually cite to the Strickland standard or repeat it. But suppose it's required to apply the correct law. That is correct. It is required to apply the correct law. Here we have a case in which the state court specifically said it read the briefs of both parties before ruling. I don't think that – I mean, every judge says that. I mean, it's not just generalities. In his actual ruling, he said there would be no different result. That's not the correct standard, is it? I think he's speaking colloquially. Did he repeat the Strickland standard back? No. What evidence do we look at to see whether a judge has applied the correct legal standard? Don't we look at what he rules or she rules? Yes, you look at what he or she rules. And here what the Court is saying is that I'm weighing the evidence that the prosecutor presented against what Mr. Cardona's purported testimony would be. The evidence that the prosecutor presented was overwhelming. And thus, even if Mr. Cardona had testified consistent with his declaration, the result would not have been different. And I think it's important to note that under the AEDPA, not only is the State Court – the State Court's decision is required to be looked at deferentially, but moreover, so a readiness, let's say, to find error is inconsistent not only with the deference standard that the AEDPA requires. Right. But we have to look at what standard – I mean, that's – isn't that one of the prongs, is whether or not there was an unreasonable application of Supreme Court authority, which is Strickland? Yes. And so we have to look at whether he applied Strickland correctly. That is true, Your Honor. I would submit to you that because – that the Court's – the wording of the Court's ruling does not indicate that it's applying an incorrect standard. He's basically just colloquially stating that he does not believe in applying the correct standard that the outcome would have been different, even if Mr. Cardona had testified consistent with his declaration. And moreover, even if this Court were to review the evidence that was submitted at the evidentiary hearing and find that the State Court contradicted or unreasonably applied Supreme Court precedent, I think the result would still be the same, because Mr. Cardona's testimony actually revealed, I think, further weaknesses in that he never notified the police that Petitioner was not the shooter in this case, despite the fact that he was admittedly Petitioner's best friend. And so that would be an additional basis. Where do we get admittedly the Petitioner's best friend? He stated in his declaration, I believe, at the evidentiary hearing that he was Petitioner's best friend and had been his friend, I think, something like since the sixth grade. You're talking about his declaration? The one that was submitted at the evidentiary hearing in Federal court, Your Honor. Okay. I'm looking at the State court one. So that even if this Court were to review the evidence that was submitted at the evidentiary hearing, the result would be the same, certainly under the prejudice prong. However, I don't think the Court needs to actually reach that, because I would submit to you that the State court did reasonably apply the Strickland standard. It's a very close case. I would submit to you, based on the evidence, certainly that eyewitness evidence presented by the prosecution and the fact that all six eyewitnesses in this case identified Petitioner as a shooter, the result would be the same. There were only three who identified him at trial as a shooter. That is true, Your Honor. However, one witness testified that he did not want to testify due to threats that were made to all of the eyewitnesses after the second field show-up where they identified Petitioner as a shooter in this case. And the other eyewitness who failed to identify Petitioner at trial also testified about the threats made against all the eyewitnesses after the second field show-up in this case. In conclusion, the State court here did not contradict or reasonably apply Strickland in denying Petitioner's claim, and therefore, the district court's denial of habeas corpus relief should be affirmed. All right. Thank you, counsel. Thank you. Okay. So I think we promised Ms. Young two minutes. Thank you, Your Honor. A few points of clarification. Specifically in response to Judge Gould, your question, I should clarify that, first, the EDPA deference standard is applied to the State court decision. But if Section 2254D is met, that is saying if, having given deference to the State court, you find that the State court decision is contrary to Strickland, an unreasonable application of Strickland, or based on an unreasonable determination of the facts, then you proceed to the next step, which is to review Mr. Gonzales' claim de novo. And I'd cite the court to Dietrich v. Ryan that explains, once you make the antecedent 2254D determination on the State court record alone, then you may consider evidence presented at the federal evidentiary hearing on the actual claim itself. Also, just to clarify, Mr. Cardona's State court declaration does not state that he was Mr. Gonzales' best friend. Of course, it can be implied that they were friends because they were at a party together, but it does not state that it was his best friend. And finally ---- Was there a ---- the Attorney General seemed to suggest there was a different declaration at the federal court? Yes, Your Honor. And did he say he was his best friend in that one? That's a good question. I'm not sure. But I do know that the federal court declaration is at ER page 151. So perhaps it will be stated there. And what relevance does that make, have anyway? I don't think so. I'm just wondering why it's an embellishment that we've got going on here. I don't know, Your Honor. And just to make a final point, the AG did refer to the fact that Ms. Vargas, the trial counsel, spoke to Mr. Cardona, but we don't know what was said during that conversation. And that's simply not true.  Absolutely, Your Honor. Do we have a record of what happened at that conversation? Yes, we do. So Mr. Cardona's state court declaration states that he spoke with Ms. Vargas prior to Mr. Gonzalez's trial, that he told her everything he had seen     Are you talking about a conversation that happened before trial? Absolutely, Your Honor. And that Mr. Gonzalez was not the shooter. The declaration further states that he expected to be called at trial or that he was available to be called, but never heard from Ms. Vargas again. And again, we know from the state court record itself that Ms. Vargas told the judge and jury that Mr. Cardona was a potential witness, yet she didn't call any witnesses at trial. Now, you haven't argued anything based on these three jury questions. It all had to do with your client's presence at the first or second confrontation. Correct. There was a brief reference to that. The jury did ask for three questions, which resulted in three readbacks of testimony. Interestingly, two of those questions focused on Javier's testimony. Javier Martinez, the only unimpeached witness to identify Mr. Gonzalez as the shooter. So the jury was clearly paying attention to his testimony, again, deliberating for more than seven hours in a case that lasted eight hours total. Again, these are indications that the jury was clearly struggling to reach a verdict. And, therefore, this finding that there was overwhelming evidence of guilt is simply unreasonable based on the state court record. And an unreasonable finding, a fact, meets Section 2254D2. All right. Thank you, Counsel. Thank you, Your Honor. Gonzalez v. Caden will be submitted.
judges: Haddon, Wardlaw, Gould